FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 24, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JEFF HYMAS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>FRANCIS WAYNE BARCLAY, individually and in his official capacity as Superior Court Judge of Modoc County; and DOES 1-V,<br><br>　　　　　　Defendant. | NO: 2:20-CV-222-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITHOUT PREJUDICE |

　　　BEFORE THE COURT are a Motion to Dismiss by Defendant Francis Wayne Barclay, ECF No. 14; a Motion for Pro Bono Counsel by Plaintiff Jay Hymas, who is proceeding pro se and *in forma pauperis*; and an Application for Default per Fed. R. Civ. P. 55(a) by Plaintiff, ECF No. 15.  Having reviewed the motions and related filings, the remaining docket, and the relevant law, the Court is fully informed.

## BACKGROUND

　　　Plaintiff's Complaint names as Defendant Modoc County, California, Superior Court Judge Francis Wayne Barclay, alongside five "Doe" Defendants.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND
DISMISSING COMPLAINT WITHOUT PREJUDICE ~ 1

ECF No. 1 at 1.  Plaintiff alleges bias and inaction by Judge Barclay in a civil case that Plaintiff filed in 2015 in which he is seeking a judicial determination regarding dissolution of an alleged oral partnership pursuant to which Plaintiff was residing on and managing a "common law crop-share" farm in Modoc County.  *Id.* at 2.  It is unclear what allegations pertain to any Doe Defendants.

Plaintiff alleges "causes of action to justify the relief sought that are not grounded in judicial error but in purposeful violation of constitutional and legal rights that take Judge Barclay[']s decisional record and actions outside his official capacities granted to him under the federal and state constitutions and California law, court rules and the California Code of Judicial Ethics."  ECF No. 1 at 4 (internal footnote citations omitted).  Plaintiff recites 37 instances that he alleges constitute separate causes of action on the basis of bias, ethical violations, "failure to decide, equal protection of the law (equal protection), lack of due process (due process), lack of substantial justice (substantial justice), failure to follow court rules" or some combination of those alleged wrongs.  *Id.* at 5−19.  Plaintiff seeks relief in the following form:

1. Injunctive relief from [Defendant Judge Barclay] hearing any further matters for the California case in question and any affect [sic] given to any of his decisions.
2. Removal from State Court to this court of the subject case in California.
3. Declaratory relief that that [sic] Judge Barclay has exhibited bias, unlawful and unconstitutional action/decisions and failed to deliver any justice let alone "substantial" justice.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITHOUT PREJUDICE ~ 2

4. Declaratory relief that Judge Barclay's personal jurisdiction over Plaintiff ended, at a minimum, when he failed to answer (no verification) within 10 days the first Statement to disqualify and self-ruled on the Statement against him contrary to law.
5. Injunctive and declaratory relief from the California Discovery Act as unconstitutional in those parts that diminish equal protection and impinge constitutional rights to due process.
6. Judgment in the amount of $1,734,200 against [Defendant] for liquidated and unliquidated damages resulting from his highly vindictive (calling Plaintiff a liar embezzler, etc.), irreparable and clearly unlawful (stay was in place) judgment against Plaintiff.
7. Relief via punitive damages regarding the actions of [Defendant].
8. Plaintiff's cost of litigation including attorney fees.
9. Further relief that undoubtedly Plaintiff is unaware of regarding the actions of [Defendant].

*Id.* at 20.

Defendant filed a Motion to Dismiss for lack of personal jurisdiction, based on federal abstention, and for failure to state a claim on July 17, 2020. ECF No. 14. Defendant attached a purported docket report from California state court indicating that the civil case at issue in Plaintiff's Complaint, ECF No. 1, is ongoing. ECF No. 14 at 14−36.

Although Defendant had appeared in this matter for purposes of filing the Motion to Dismiss, Plaintiff filed an Application for Default on August 6, 2020. ECF No. 15. Defendant opposed the Application for Default on the basis that Defendant had responded to Plaintiff's Complaint by moving to dismiss. ECF No. 16. Plaintiff filed a reply renewing his request for entry of default. ECF No. 17.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DISMISSING COMPLAINT WITHOUT PREJUDICE ~ 3

Plaintiff did not respond to Defendant's Motion to Dismiss within thirty days, the response time provided for pro se litigants under LCivR 7(c)(2)(A).

## DISCUSSION

Although Plaintiff's failure to respond to Defendant's Motion itself supports entry of an adverse order, *see* LCivR 7(e), the Court nevertheless analyzes the substance of Defendant's Motion to Dismiss.

A judicial abstention doctrine set forth by *Younger v. Harris*, 401 U.S. 37, 44–45 (1971), adopts "a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances." *Woodfeathers, Inc. v. Washington Country, Oregon*, 180 F.3d 1017, 1020 (9th Cir. 1999). *Younger* abstention applies to state civil proceedings, as well as criminal, regardless of whether the state proceedings are pending in the trial or the appellate court. *Id*.

The federal court should abstain from interfering with pending state court proceedings where "the federal action would have the practical effect of enjoining the state proceedings." *ReadyLink HealthCare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014) (setting forth requirements for *Younger* abstention in civil cases); *see also Baffert v. Cal. Horse Racing Bd.*, 332 (holding that a claimed constitutional violation "does not, by itself, constitute an exception to the application of *Younger* abstention"). Where the abstention requirements are met, federal courts should dismiss actions seeking declaratory and injunctive relief, but

should stay damages actions until the state proceedings are completed. *See Gilbertson v. Albright*, 381 F.3d 965, 977−78 (9th Cir. 2004).

Plaintiff's Complaint seeks: to enjoin Judge Barclay from presiding over any further matters in the case; to remove the case from the California state court to this Court; to declare that Judge Barclay's jurisdiction over Plaintiff has ended; and to declare that Judge Barclay has displayed bias and has failed to render lawful decisions. ECF No. 1 at 20. Therefore, the relief that Plaintiff seeks effectively would enjoin the ongoing state proceedings, and abstention under *Younger* is appropriate. *See ReadyLink HealthCare, Inc.*, 754 F.3d at 758.

With respect to Plaintiff's request for damages against Defendant Judge Barclay in his Complaint, Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a complaint for failure to state a claim. A court may dismiss a claim under Rule 12(b)(6) when the plaintiff has included allegations disclosing an absolute defense or bar to recovery. *See United States v. Gaubert*, 499 U.S. 315, 324−25 (1991). Defendant argues that both the Eleventh Amendment and the common law of judicial immunity prohibit Plaintiff's suit for damages against Judge Barclay for his acts in his official capacity, which are the only acts challenged by Plaintiff. *See* ECF No. 14 at 8−10.

Absolute judicial immunity "insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives, or when the exercise of judicial authority is 'flawed by the

commission of grave procedural errors.'" *Curry v. Castillo (In re Castillo)*, 297 F.3d 940, 947 (9th Cir. 2002) (citing *Forrester v. White*, 484 U.S. 219, 225 (1988); quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)).  Furthermore, the Eleventh Amendment prohibits suits for damages, declaratory relief, or injunctive relief against a state or its agencies for legal or equitable relief unless the state has waived its immunity or Congress has specifically overridden sovereign immunity. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267−68 (1997); *Papasan v. Allain*, 478 U.S. 265, 276 (1986).

Plaintiff's claims of constitutional violations by Judge Barclay in his official capacity as a state actor likely is raised under 42 U.S.C. § 1983, which provides for a civil action for a deprivation of rights under the U.S. Constitution or federal laws by a "person" acting under color of law.  However, section 1983 does not contain a waiver of Eleventh Amendment immunity.  *Stivers v. Pierce*, 71 F.3d 732, 749 (9th Cir. 1995) ("The Eleventh Amendment prohibits suits against a state, and section 1983 does not abrogate this immunity."); *see also Dittman v. California*, 191 F.3d 1020, 1025−26 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (internal citations and quotation marks omitted).  Moreover, the Ninth Circuit has held that "a suit against the Superior Court is a suit against the State, barred by the [E]leventh

[A]mendment." *Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987); *see Simmons v. Sacramento Cty. Super. Ct.*, 318 F.3d 1156, 1161 (9th Cir.2003).

Plaintiff challenges only actions by Judge Barclay in his capacity as a presiding judicial officer in Plaintiff's California state court case. *See* ECF No. 1 at 2−20. Therefore, the Court finds that Plaintiff's claim against Judge Barclay fails to state a claim under Fed. R. Civ. P. 12(b)(6) because the challenged actions are entitled to absolute judicial immunity. *See In re Castillo*, 297 F.3d at 947. Moreover, Plaintiff does not allege any basis for a waiver of immunity under the Eleventh Amendment. Therefore, Plaintiff's claim for damages against Defendant Judge Barclay also must be dismissed for failure to state a claim under Fed. R. Civ. P. 12(b)(6) under the Eleventh Amendment.

Because the Court finds it appropriate to dismiss Plaintiff's claims for injunctive and declaratory relief pursuant to *Younger* abstention principles, and his claim for damages pursuant to Eleventh Amendment and judicial immunity principles, it need not address the personal jurisdiction arguments raised by Defendant's Motion to Dismiss. *See* ECF No. 14 at 3−5. However, the Court notes that Plaintiff does not allege any contacts between Defendant Judge Barclay and Washington State and alleges only acts that took place in California. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004) (plaintiff bears the burden of establishing a court's personal jurisdiction over

defendants); Fed. R. Civ. P. 12(b)(2) (providing for dismissal for lack of personal jurisdiction, when the motion is made before an answer is filed).

Plaintiff's Complaint shall be dismissed without prejudice and without leave to amend, upon a finding that Plaintiff's Complaint against a Defendant who is immune from suit and challenging an ongoing state civil proceeding cannot be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1107−11 (9th Cir. 1995).

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's Motion to Dismiss, **ECF No. 14**, is **GRANTED**.

2. Plaintiff's Motion for Pro Bono Counsel, **ECF No. 11**, and Application for Default per Fed. R. Civ. P. 55(a), **ECF No. 15**, are **DENIED AS MOOT**.

3. Plaintiff's Complaint, **ECF No. 1**, is **DISMISSED WITHOUT PREJUDICE** as barred by *Younger* abstention and **WITHOUT LEAVE TO AMEND**.

**IT IS SO ORDERED.** The District Court Clerk is directed to enter this Order, provide copies to counsel and to Plaintiff, and **close the file**.

**DATED** August 24, 2020.

                              *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                              United States District Judge